IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID GUZMAN,

        Plaintiff,

vs.                                          No. CIV 97-1279 MV/WWD

MARTIN CHAVEZ and
JOSEPH POLISAR, in their
individual and official capacities,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

      THIS MATTER is before the Court on Defendants' Motion for Summary Judgment as to all Counts, filed May 29, 1998 **[Doc. No. 17]**, and Motion to Dismiss Due Process Claims, filed May 29, 1998 **[Doc. No. 21]**.  The Court, having reviewed the pleadings and relevant law and being otherwise fully informed, finds that the motion for summary judgment is not well taken and will be **denied**, but that the motion to dismiss is well taken and will be **granted**.

### **Background**

      Mr. Guzman, a Hispanic police officer, has been a sergeant with the Albuquerque Police Department since January, 1983.  Mr. Guzman has on seven different occasions failed to successfully complete the tests necessary for promotion to lieutenant.  The test for promotion to lieutenant consists of two parts. The Department first administers a written examination, with the resulting most qualified being invited to take part in an oral assessment of his qualifications.  It is undisputed that Mr. Guzman has successfully passed seven written examinations.  It is also undisputed that Mr. Guzman has never been a successful oral assessment candidate.

Mr. Guzman, whose first language is Spanish and who allegedly has a Spanish accent when speaking English, complains that after his first attempt at promotion, members of the Department told him that he failed the oral assessment because he needed more education and needed to improve his public speaking. Mr. Guzman states that he then diligently sought to further educate himself and practice public speaking, joining several Toastmasters clubs, completing the Dale Carnegie Effective Speaking School, and obtaining a Masters of Arts degree in security management. Mr. Guzman further states that he is active in the Chicano Police Officers Association, the Latino Police Officers Association, and the New Mexico Peace Officers Association. In 1995, Mr. Guzman's renewed failure to receive a promotion to lieutenant precipitated this litigation.

Mr. Guzman's complaint sets out three counts. The first, a claim of racial discrimination, alleges that Defendants violated the Equal Protection Clause of the Fourteenth Amendment by basing their refusal to promote him on his Hispanic race. The second, a First Amendment claim, alleges that Defendants discriminated and retaliated against him because of his participation in various police unions and his vocal advocacy of Hispanic causes. The third, a due process claim, alleges that Defendants circumvented the protections of the Department's merit selection system by causing Mr. Guzman to fail the oral assessments.

Defendants deny all Mr. Guzman's allegations, and explain through the affidavits and deposition of Deborah Martinez and Susan Bryan, City of Albuquerque Human Resources Department employees, that the City chooses the assessors who conduct the oral assessment of lieutenant candidates in the following manner. Human Resources personnel contact various police departments across the nation that have similar demographics as Albuquerque and request to have some of their employees act as assessors. Human Resources then contacts those persons

2

telephonically to evaluate their aptitude to serve as assessors. If Human Resources has doubts about the recommendations, Human Resources consults with an independent contractor to arrive at the proper selection of assessors. If after this process there are still not enough assessors needed for a particular examination, Human Resources seeks recommendations from the Department. Claiming that this process is unbiased and neutral, Defendants also attempt to show, through Mr. Guzman's deposition, that Mr. Guzman has no real factual basis for his allegations of discrimination. Indeed, in several instances in his February 26, 1998 deposition Mr. Guzman states that he does not know what steps Mr. Chavez or Mr. Polisar took to prevent his promotion and that he had no facts to support his belief in the manipulation of the oral assessment process. Lastly, Defendants claim that the Department has promoted several Hispanics to the rank of lieutenant and beyond.

In response to Mr. Guzman's stipulation as to dismissals, the Court has dismissed a co-defendant from this action and restricted the legal challenges solely to the 1995 selection process.

## Discussion

I. The Motion for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Under this standard, the moving party initially carries the burden of pointing out to the trial court that there is an absence of evidence to support the nonmoving party's case, although the moving party "need not affirmatively negate the nonmovant's claim in order to obtain summary judgment." *Allen v. Muskogee, Oklahoma*, 119 F.3d 837, 840 (10th Cir. 1997), *cert. denied*, 118 S.Ct. 1165 (1998), *citing Celotex v. Catrett*, 477 U.S. 317, 322-23, 325 (1986).

The Court examines the factual record and all reasonable inferences therefrom in the light most favorable to the nonmoving party, *Allen*, 119 F.3d at 839-40, and materiality of facts in dispute, if any, is dependent upon the substantive law, *id.* at 839, *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Once the movant has met this burden, Rule 56 requires the nonmovant to go beyond the pleadings and show, through affidavits, depositions, answers to interrogatories, and the like that there is a genuine issue for trial.  *Allen*, 119 F.3d at 841, *citing Celotex*, 477 U.S. at 324; *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1988).  Conclusory allegations are not enough, *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664 (10th Cir. 1998), but summary judgment "is warranted only if the uncontroverted material facts establish that the moving party is entitled to judgment as a matter of law."  *David v. City and County of Denver*, 101 F.3d 1344, 1355 (10th Cir. 1996), *cert. denied*, 118 S.Ct. 157 (1997).

Mr. Guzman has not presented any direct evidence of discrimination.  In his deposition, he concedes that he has no information as to what steps Mr. Chavez or Mr. Polisar may have taken in allegedly discriminating against him.  This lack of direct evidence, however, does not mandate the granting of summary judgment.

Although the pleadings do not show direct evidence of discrimination, "the shifting burdens of proof of *McDonnell Douglas [Corp. v. Green,* 411 U.S. 792 (1973)] are designed to assure the plaintiff has his day in court despite the unavailability of direct evidence of discrimination."  *Ramsey v. City and County of Denver*, 907 F.2d 1004, 1007-08 (10th Cir. 1990), *cert. denied*, 506 U.S. 907 (1992).  Under this well-worn scheme,

> a plaintiff must carry the initial burden of establishing a prima facie case of discrimination.  Once a prima facie case of discrimination is made out, the burden of production shifts to the defendant to articulate some legitimate

>       nondiscriminatory reason for its action.  If the Defendant does so, the plaintiff
>       must be given the opportunity to show by a preponderance of the evidence
>       that the reason offered by the defendant is mere pretext.

*Ramsey*, 907 F.2d at 1007.

Mr. Guzman's lack of direct evidence, then, is not necessarily fatal to his case.

Mr. Chavez and Mr. Polisar concede that Mr. Guzman has shown a prima facie case of discrimination.  Defendants then argue that the Department had legitimate, nondiscriminatory reasons for its not promoting Mr. Guzman.  Specifically, defendants argue that the affidavits of Ms. Martinez and Bryan show that neither Mr. Chavez or Mr. Polisar influenced oral assessment rankings, that the assessors were given objective criteria with which to evaluate candidates, and that Mr. Guzman did not score well in the assessment process.

Yet Defendant's own evidence shows the existence of genuine issues of material fact from which pretext can be inferred with respect to the Mr. Guzman's failure to repeatedly pass the oral assessment component of the promotion process.  In deposition testimony, Ms. Bryan explains at length that assessors are chosen chiefly without input from the Department.  Ms. Bryan was unclear on some aspects of the choice, however: she testified that there are no rules, regulations, or written materials that she follows in choosing assessors.  Ms. Martinez testified that Human Resources occasionally involved the Department in the selection of assessors.  There is also a genuine issue of fact as to Mr. Guzman's evaluations by assessors.  Plaintiff alleges that the Department has consistently refused him access to his records and that he may thus not determine for himself whether there was any wrongdoing in the denial of his promotions.  Defendants claim that they disclose some test results and provide feedback, but do not disclose the raw notes of the assessors.  Moreover, in a report Defendants filed with their reply brief, an independent consultant is critical of the

Department's method of explaining its promotion decisions to applicants, stating that there does not appear to be a professionally sound, systematic method for providing feedback to candidates and that the system appears oriented toward justifying the rating that has been made.  Drawing all reasonable inferences in the light most favorable to Plaintiff the Court concludes, therefore, that there are genuine issues of material fact as to Defendants' stated legitimate, nondiscriminatory reasons for its actions and the possibility that these reasons are pretextual.

II.  The Motion to dismiss Due Process claims

In this motion which Plaintiff correctly characterizes as a motion for failure to state a claim, the Court must accept all allegations of the complaint as true.  The court may dismiss a case for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his theory of recovery that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In this case the Court finds that Plaintiff can not prevail on a claim of due process violation.[1]

Mr. Guzman's procedural due process claims depends upon his having a property right in being promoted to the rank of lieutenant.  *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538 (1985).  While Plaintiff may have a property right in maintaining his rank, *see Hennigh v. City of Shawnee*, __ F.3d __, 1998 WL 574423 (10th Cir. 1998), he has not brought forth any evidence of having a right to promotion, in the form of "existing rules or understandings that stem from an independent source such as state law," *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972), and case law clearly does not support such a contention.  *Nunez v. City of Los Angeles*, 147 F.3d 867

---

[1] Although Mr. Guzman has not labeled his due process claim as either substantive or procedural, the Court has looked at both these aspects in addressing his contentions.

(9th Cir. 1998).

In part because of this lack of property right, Mr. Guzman's substantive due process claim must also fail. Mr. Guzman's substantive due process claim is limited to those rights which, unlike the procedural due process guarantees of the Fourteenth Amendment, are "created only by the Constitution." *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994), *cert. denied sub nom. McKinney v. Osceola County Bd. of County Com'rs*, 513 U.S. 1110 (1995), *quoting Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985) (Powell, J., concurring). Areas where substantive rights would be created only by state law, as here, can not fall under the aegis of substantive due process. *McKinney*, 20 F.3d at 1556. Neither can Mr. Guzman assert a liberty interest in being promoted to lieutenant, for there is no "notion of liberty of position or rank within an occupation," *Nunez*, 147 F.3d at 873, nor is there a "general liberty interest in being free from capricious government action." *Id.* In sum, even assuming that Mr. Guzman's allegations are true the Court must dismiss his Due Process count.

**THEREFORE,**

**IT IS HEREBY ORDERED,** that Defendants' Motion for Summary Judgment as to all Counts, filed May 29, 1998 **[Doc. No. 17]** be, and hereby is, **denied**, and that Defendant's Motion to Dismiss Due Process Claims, filed May 29, 1998 **[Doc. No. 21]** be, and hereby is, **granted**.

                                  MARTHA VÁZQUEZ
                                  UNITED STATES DISTRICT JUDGE

| Counsel for Plaintiff | Counsel for Defendants |
|---|---|
| Donna L Dagnall, Esq. | Bruce T. Thompson, Esq. |